___FILED
___LODGED
___RECEIVED

SEP 14 2009
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| Alicia Siler<br>17260 NE 8th St, Apt A<br>Bellevue, WA 98008<br><br>Plaintiff,<br><br>v.<br><br>Seattle Service Bureau, Inc<br>d/b/a National Service Bureau<br>c/o David B Conyers, Registered Agent<br>18820 Aurora Ave N, #205<br>Shoreline, WA 98133<br><br>Defendant. | Case No.:<br><br>Judge:<br>**CV9 1307**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around April 2009, Defendant telephoned Plaintiff's mother ("Mother").



09-CV-01307-CMP

8. During this communication, Mother notified Defendant that Defendant could not reach Plaintiff at Mother's residence.

9. During this communication, Mother requested that Defendant cease further telephone calls to Mother regarding Plaintiff's debt.

10. Despite Mother's notice, Defendant telephoned Mother on numerous occasions throughout April and May 2009.

11. During several of these communications, Mother again notified Defendant that Defendant could not reach Plaintiff at Mother's residence.

12. During several of these communications, Mother again requested that Defendant cease further telephone calls to Mother regarding Plaintiff's debt.

13. On or around May 26, 2009, Defendant telephoned Mother's residence.

14. During this communication, Mother again notified Defendant that Defendant could not reach Plaintiff at Mother's residence.

15. During this communication, Defendant falsely represented that Plaintiff provided Mother's telephone number as a contact number for Plaintiff.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _Lawrence Lofgren_
Lawrence S. Lofgren (Bar No. 34358)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*